IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| MAXIMO ESPINOSA | : | NO. 07-482 |

**MEMORANDUM RE: MOTION TO SEVER COUNTS**

**Baylson, J.**                                                                                                   **January 27, 2009**

Defendant in this case has filed a Motion to sever Count I from Counts II through V of the Indictment, pursuant to Federal Rule of Criminal Procedure 8, or alternatively, Rule 14.  For the following reasons, the Court will deny Defendant's Motion to sever.

I.      **Background and Procedural History**

Defendant was first arrested by Detectives Cruz and Boyer of the City of Allentown Bureau of Police on May 18, 2006, at approximately 9:30 p.m, after the Detectives learned that another individual, Irene Irizarry, allegedly brought illegal drugs to the Defendant.  (N.T. Pgs. 5-6, 10-11, Feb. 19, 2008 AM).  Before Defendant was arrested, the Detectives requested permission to search an apartment, Apartment No. 12 at 709 North 9th Street in Allentown, which they believed belonged to Defendant.  Defendant refused to consent to a search of the apartment and stated that his wife, not he, lived at that address.  (N.T. Pgs. 13, 67-68, Feb. 19, 2008 AM).  However, once Defendant was arrested, Detective Cruz obtained and executed a search warrant for Apartment No. 12 at approximately 1:15 a.m. on May 19, 2006.  (N.T. Pgs. 14, 18, Oct. 8, 2008).  During the search, the police located additional controlled substances and a firearm inside Apartment No. 12.  (N.T. Pg. 17, Feb. 19, 2008 AM).

-1-

After examining the evidence obtained during the search of Apartment No. 12, Detective Cruz brought Defendant from the Lehigh County Prison, where he was being held on the conspiracy charge, to the Allentown Police Department, at approximately 9:30 p.m. on May 19, 2006. At that time, Defendant gave both a verbal and written consent to an interview by Detective Cruz, in which Defendant admitted that Apartment No. 12 did belong to him and explained that he did not consent to the search because he knew that heroin was in plain view on the table. (N.T. Pgs. 30-31, 33-34, Oct. 8, 2008). Detective Cruz then filed a second criminal complaint, separate from the original complaint containing the charge for criminal conspiracy to deliver heroin, alleging various possession charges based on the evidence found at the Apartment. Defendant was arraigned on those additional charges at approximately 12:30 a.m. on May 20, 2006. (N.T. Pgs. 25-27, Oct. 8 2008).[1]

Defendant was charged in a five-count federal indictment for offenses arising from the initial arrest for conspiracy with Ms. Irizarry and from the evidence obtained in the search of the apartment. (Doc. 1). Specifically, the Indictment charged Defendant with the following offenses:

| | |
|---|---|
| Count 1 | Possession with intent to distribute a detectable amount of heroin and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 |
| Count 2 | Possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) |
| Count 3 | Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) |
| Count 4 | Simple possession of cocaine, in violation of 18 U.S.C. § 844 |
| Count 5 | Possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) |

---

[1] For a more detailed recitation of the facts, see this Court's Memorandum and Order on Defendant's Motions to Suppress, dated Dec. 29, 2008. (Doc. 100).

Defendant has previously filed several motions to suppress evidence obtained by the Detectives, (Docs. 24, 25, 64, 88), all of which have been denied, (Docs. 79, 100). Defendant now seeks to have the charge relating to his alleged relationship with Ms. Irizzary (Count I) severed from the remaining charges relating to the evidence obtained from Apartment No. 12 (Counts II-V). Defendant suggests that this Court's prior holding that the offense charged in Count I is not the same as the offenses charged in Counts II-V for Sixth Amendment right to counsel purposes necessarily indicates that the offenses are not sufficiently similar to be joined under Federal Rule of Criminal Procedure 8. Defendant further argues that even if the prior ruling on the Sixth Amendment issue is not dispositive, the joinder of the offenses was improper under Rule 8. In the alternative, Defendant argues that the Court should use its discretion to sever the offenses pursuant to Federal Rule of Criminal Procedure 14.

## II.     Legal Standards

### A.     Federal Rule of Criminal Procedure 8

Rule 8 provides:

> (a) Joinder of offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.
>
> (b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

"Joinder of offenses and defendants promotes economy of judicial and prosecutorial resources, as well as the public interest in avoiding expensive and duplicative trials." United States v.

Giampa, 904 F. Supp. 235, 263 (D.N.J. 1995) (citing United States v. Lane, 474 U.S. 438, 449 (1986)).  When considering if joinder of offenses is proper, courts focus on whether the offenses "arise out of a common series of acts or transactions."  United States v. Brown, 2008 WL 161146, at *4 (E.D. Pa. Jan. 16, 2008) (citing United States v. Eufrasio, 935 F.2d 553, 570 (3d Cir. 1991)).

The Third Circuit has held that when dealing with joinder of offenses and defendants, the Rule 8(a) standard applies only to joinder of offenses in prosecutions involving a single defendant while the Rule 8(b) standard applies to joinder of both offenses and defendants in prosecutions involving multiple defendants.  United States v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003).  Notably, although both parts of Rule 8 require a "transactional nexus," the standard under Rule 8(a) is more "permissive" than that under Rule 8(b) because Rule 8(a) allows for an additional ground for joinder, i.e., "when the offenses are of the same or similar character."  Id. at 287 n.4 (further noting that "the difference between the standards is significant"); see also United States v. McGill, 964 F.2d 222, 243 (3d Cir. 1992) (referring to the "stricter" standard under Rule 8(b)); Giampa, 904 F. Supp. at 263 ("Unlike the requirement of Rule 8(a), the requirements of Rule 8(b) are not met by a mere similarity of offenses.").

In Eufrasio, the Third Circuit explained that a court generally looks to the indictment to determine whether joinder is appropriate.  935 F.2d at 567.  However, a court "may look beyond the face of the indictment . . . in limited circumstances.  Where representations made in pretrial documents other than the indictment clarify factual connections between counts, reference to those documents is permitted."  McGill, 964 F.2d at 242.

B.     **Federal Rule of Criminal Procedure 14**

Assuming joinder is proper under Rule 8, a trial court may, in its discretion, sever joined offenses or defendants under Federal Rule of Criminal Procedure 14. United States v. McGlory, 968 F.2d 309, 340 (3d Cir.), cert. denied, 494 U.S. 1089 (1990)). That Rule states:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires.

The Supreme Court has explained that when defendants have been properly joinder under Rule 8, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Zafiro, 506 U.S. 534, 539 (1993). According to the Third Circuit, for a defendant to be granted severance under Rule 14, the defendant must point to "clear and substantial prejudice" that results in a manifestly unfair trial. Eufrasio, 935 F.2d at 568. Defendants therefore possess a heavy burden, and "mere allegations of prejudice are insufficient to meet this burden." Giampa, 904 F. Supp. at 265. The "defendant must show more than the fact that a separate trial might offer him or her a better chance of acquittal." United States v. Merlino, 2000 WL 288122, at *5 (E.D. Pa. Mar. 16, 2000).

Furthermore, the Third Circuit has noted that "a primary concern in considering a motion for severance is 'whether the jury can reasonably be expected to compartmentalize the evidence,' as it relates to each count by following the instructions of the trial court." United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981) (quoting United States v. DeLarosa, 450 F.2d 1057, 1065 (3d Cir. 1971)). The Supreme Court has noted that proper jury instructions may cure any

risk for prejudice resulting from joinder of offenses and defendants. Zafiro, 506 U.S. at 540.[2]

See also United States v. Kemp, 2004 WL 2757867, at *4-5 (E.D. Pa. December 2, 2004) (reviewing the standards for granting a motion to sever under the court's discretionary authority provided in Rule 14).

### III.  Discussion

#### A.  Defendant's Motion to Sever Under Federal Rule of Criminal Procedure 8

##### 1.  "Same Offense" Definition in Sixth Amendment Context is Unrelated to Standard for Joinder under Rule 8

Defendant first argues that this Court must hold that the offenses charged in Count I and those in Counts II-V are not "of the same or similar character" and are not "based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan" under Rule 8 because this Court previously held that the conspiracy charge in Count I was not the "same offense" as the drug and firearm charges in Counts II-V under the Sixth Amendment. While creative, Defendant's argument ultimately lacks any basis in the either the text of Rule 8 or in the cases interpreting that Rule.

In its previous Memorandum and Order, this Court concluded that under the test used to determine if two charged offenses are the same in the Sixth Amendment right to counsel context,

---

[2]In United States v. Rich, Judge Brody denied a defendant's request for severance pursuant to Rule 14, noting the role curative instructions play in proper denials of severance. 343 F. Supp. 2d 411, 414-15 (E.D. Pa. 2004). Rich cited United States v. Werner, in which the Second Circuit explained that the policy behind Rule 8(a) "necessarily recognizes the adverse effect on the defendant by a joinder of counts, but considers this to be outweighed by gains in trial economy when one of the criteria are met." 620 F.2d 922, 927-28 (2d Cir. 1980). That court further explained that "the mere fact that juries are apt to regard with a more jaundiced eye a person charged with two crimes than a person charged with one does not call for relief under Rule 14," although a trial court should be alert to such danger. 620 F.2d at 929.

the offense in Count I of Defendant's Indictment was not the same as those in Counts II-V. (Doc. 100). That definition of "same offense," incorporated from the double jeopardy context, asks if either offense requires proof of an element that the other does not. However, that standard is specifically used in the Sixth Amendment right to counsel and the double jeopardy contexts; the Defendant has not cited a single case, and the Court has not independently identified any cases, that rely on the definition of "same offense" in the Sixth Amendment context when determining if joinder of offenses is proper under Rule 8. Furthermore, the language of Rule 8 itself is far more permissive than the standard used in the right to counsel context. Rule 8 allows for offenses to be joined if they are merely of a similar character or are based on the same acts or transactions while the test used in the Sixth Amendment context requires the elements of the offenses to be nearly identical.

Thus the fact that the charged offenses are not the same for Sixth Amendment purposes does not indicate that the offenses are not similar or based on the same acts for joinder purposes. Contrary to Defendant's position, this Court's previous ruling on the right to counsel issue does not itself suggest that the joinder was improper.

        **2.** **Joinder of Offenses in Defendant's Indictment is Proper Under Rule 8**

After examining the indictment and the supporting documents on the record, the Court also concludes that joinder was proper because the charged offenses in Defendant's indictment were sufficiently related under the permissive standards set forth in Rule 8, as described above. Recently, Judge Stengel upheld the joinder of several different charges because the charges all "stem from the same series of acts . . . ." United States v. Worman, 2008 WL 3984160, at *2 (E.D. Pa. Aug. 28, 2008). Judge Stengel examined several factors in reaching his conclusion,

including the overlapping time frame of the offenses, the overlapping evidence supporting each count, the straightforward nature of the case that would make it relatively easy for jurors to compartmentalize the evidence, and the admissibility of the evidence pertaining to each count in the trial of every other count under Federal Rules of Evidence 404(b) and 414.  Id. at 2-3.

Notably, in United States v. Gorecki, the Third Circuit observed that several "[o]ther circuits have upheld the joinder of weapons and narcotics charges under Fed. R. Crim. P. 8(a)." 813 F.2d 40, 41 (3d Cir. 1987).  Gorecki emphasized that since the firearm and narcotics-related evidence in question were found in the same location, at the same time and as a result of the same legal search, the issue of defendant's possession of both items was interrelated and joinder was appropriate.  Id.  In United States v. Brown, Judge Pratter granted a motion to sever firearm and narcotics offenses, explaining that the case was unlike those "where the indictment facially indicated some connection between temporally separate gun and drug offenses, such as a conspiracy or possession of a firearm in furtherance of a drug trafficking crime." 2008 WL 161146, at *4 (E.D. Pa. Jan. 16, 2008); see also United States v. Plummer, 2007 WL 2973712, at *5 (W.D. Pa. Oct. 10, 2007) (rejecting joinder of narcotics and firearms charges where the drugs and guns were not found in close physical proximity to allow an inference that the conduct was part of a common scheme).

Given these applications of Rule 8, joinder of the offenses was proper here.  First, the offenses are temporally related, as the evidence regarding Defendant's involvement with Ms. Irizarry was obtained less than twenty-four hours before the evidence for the additional possession charges was obtained from the apartment.  The offenses are further interrelated because the evidence pertaining to Defendant's relationship with Ms. Irizarry helped establish the

probable cause to search the apartment, which ultimately provided the basis for the other charges. (See Doc. 79). In addition, one type of drug found in the apartment, heroin, was the same as the type of drug allegedly transported by Ms. Irizarry at the request of Defendant, providing another link between the two offenses. Even more, unlike in Brown, the firearm charge in Count III for possession of a firearm in furtherance of a drug trafficking crime, directly relates to the narcotics offenses, and the close physical proximity of the firearm to the narcotics, including the additional amounts of heroin, allows for an inference that the items were part of a common scheme.

Thus, evidence relating to Count I is factually relevant to the remaining Counts, and the trial of the aiding and abetting possession offense will likely rely on some of the same evidence as the trial of the other possession offenses. Furthermore, as in Worman, if separate trials were ordered, the government will likely be able to admit evidence of the other charged offenses under Federal Rule of Evidence 404(b) to prove "motive opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." See Gorecki, 813 F.2d at 42-43 (noting the connection between guns and drugs makes it likely the evidence of each will be admissible under 404(b) to prove the other offense); United States v. Givan, 320 F.3d 452, 461 (3d Cir. 2003) (holding admission of prior drug conviction proper to show knowledge and intent); Rich, 343 F. Supp. 2d at 415 (explaining that other charges in the same trial may be considered "other acts" for 404(b) purposes). Given the overlap of evidence, separate trials will necessarily be repetitive and wasteful.

Under these circumstances, the Court finds the required transactional nexus between the charged offenses to permit joinder. The indictment itself and the pretrial documents presented to the Court thus far sufficiently indicate that the offenses arose out of a common series of acts or

transactions and are of the same or similar character. The purpose of Rule 8, to promote judicial efficiency and avoid duplicative trials for related offenses, will be served by permitting joinder here. Thus, Defendant's motion to sever under Rule 8 is denied.

### B. Defendant's Motion to Sever Under Federal Rule of Criminal Procedure 14

Defendant contends, in the alternative, that this Court should exercise its discretion under Rule 14 to sever the offenses because a joint trial will prejudice the Defendant. Specifically, Defendant is concerned that the jury will improperly use evidence only admissible to prove some offenses–namely the statements made after defendant was arraigned on the first charge, which are inadmissible under the Sixth Amendment for the aiding and abetting charge–when considering Defendant's guilt or innocence in the other offenses. Defendant also argues that the jury will form an inaccurate opinion of Defendant's propensity to commit crime if evidence of all charged offenses is presented. According to Defendant, "[e]vidence concerning the commission of one incident involving drugs which is presented simultaneously with evidence concerning the commission of a separate, unrelated incident involving drugs as well as a gun will surely taint the jurors and rob them of their impartiality with respect to all of the crimes." (Def.'s Memo at 8).

While the Court recognizes the benefit to judicial economy in trying related offenses together, it is also keenly aware of the dangers of trying Defendant on all offenses in a single trial. However, jury instructions are a proper remedy where there is a risk of prejudice, Zafiro, 506 U.S. at 540, and Defendant has not shown that the present case is so complicated that a jury would be unable to follow proper curative instructions or appropriately compartmentalize the evidence, United States v. Reicherter, 647 F.2d at 400. Severance under Rule 14 is not required merely because a Defendant believes he is more likely to be acquitted if the trials are held

separately, Merlino, 2000 WL 288122, at *5, or because a jury might view Defendant with a more "jaundiced eye" as a result of his being charged with multiple offenses, Werner, 620 F.2d at 929. Defendant has not demonstrated that there is a "serious risk that a joint trial . . . will prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539.

As the Court noted above, the indictment and the evidence already on the record do not indicate that the events are wholly unrelated, as Defendant suggests, and because of the connection between the offenses, the evidence from one trial will not only be admissible and relevant, but also integral to the government's case in the other trial. Defendant has not met his heavy burden of demonstrating that he will suffer "substantial prejudice" resulting in a manifestly unfair trial to warrant separate trials for the charged offenses. See Giampa, 904 F. Supp. at 265; Eufrasio, 935 F.2d at 568. Thus, Defendant's motion for severance under Rule 14 is also denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| MAXIMO ESPINOSA | : | NO. 07-482 |

**<u>ORDER</u>**

AND NOW, this 27th day of January, 2009, after reviewing Defendant's Motion to Sever Counts I from Counts II-V and the accompanying Memorandum of Law (Doc. 101), it is hereby ORDERED that Defendant's Motion is DENIED.

BY THE COURT:

/s Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\Lauren\USA v. Espinosa\motion to sever.wpd